## CLARK v. DUNN et al.

No. 13384—Opinion Filed May 27, 1924.

Rehearing Denied June 24, 1924.

**Landlord and Tenant—Landlord's Lien on Crop—Extinguishment.**

Where a landlord and his tenants divide up the crop and the landlord sells his share to the tenant, he thereby extinguishes his landlord's lien on the crop.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

Action by C. F. Dunn against E. Clark and others. From the judgment, E. Clark appeals. Reversed.

This is an action by defendant in error, C. F. Dunn, against E. Clark, plaintiff in error, to reverse damages for the conversion of certain kaffir corn claimed to have been wrongfully taken by the plaintiff in error, E. Clark, and Sid Daniels and defendants below. There was judgment for the plaintiff, and defendant appeals. The case seems to have grown out of the following facts: Plaintiff, C. F. Dunn, owned a farm in Alfalfa county, which he leased to W. S. and C. W. Smith as tenants for the year 1918. A crop of wheat was grown and marketed. There is no controversy about this wheat. A small crop of oats and barley was also raised and harvested by said tenants, yielding 53 bushels of barley and 85 bushels of oats, two-fifths belonging to the landlord and three-fifths to the tenant. The barley and oats were threshed, and the landlord, Dunn, sold his part of the barley and oats to the tenants at the agreed price of $30.80 for the barley and $30.60 for the oats. There was a small stack of mowed oats, which was estimated to be worth $60, the landlord's share was $24, which the plaintiff sold to the tenants. The landlord, plaintiff, also sold 20 bushels of corn from a previous crop to the tenants for $30, and he claimed an item of $15 for a grain drill used in drilling the oats and wheat and barley, which made a total of $130.40, which the landlord claimed was owing to him from the tenants, less $30, that he owed the tenants for work and labor, which he claimed on said account, leaving a balance of $100 due him from the tenants. There was also 60 acres of kaffir corn grown on the premises, which was to be divided equally between the tenants and the plaintiff. This was done by counting the rows, each taking an equal number of rows. The defendant Clark called the plaintiff, Dunn, up over the telephone one day and told him that he was figuring on buying the tenants' part of the kaffir corn, and asked him if it would be all right. Dunn replied that it would be all right if he would hold the money until he had a settlement with the tenants; that they were still owing him a balance on rent and he did not want the money paid to them until the balance on the rent was settled. Clark agreed to hold the money and purchased the kaffir corn. But a day or two after he purchased it, he paid the money to the tenants. Dunn then commenced a landlord attachment in a justice of peace court against Clark to recover the value of kaffir corn, which he claimed he had a lien on for rents, and recovered judgment in the justice court. The case was appealed to the county court and there dismissed on the ground that the justice did not have jurisdiction to try the case. There was another case or two brought in the justice court, which are not necessary to notice here, and then this suit was brought in the district court of Alfalfa county and resulted in a verdict for the plaintiff, Dunn, in the sum of $89.60, and it is from that judgment that this appeal was taken. The other facts will be noticed in the opinion. Reversed.

Titus & Talbot, for plaintiff in error.

A. R. Carpenter, for defendants in error.

Opinion by MAXEY, C. We have made an earnest endeavor to try to dispose of this case without having to send it back for more litigation, but the more we dig into the record, the more we are convinced that the plaintiff's petition does not state a cause of action. The petition is an attempt to sue on a replevin bond given by the defendant, Clark, to replevy the kaffir corn that he bought from the tenants, Smith brothers, and failed to keep the money until the plaintiff, Dunn, could settle with his tenants. Dunn, as soon as he found out that Clark had paid the money over to the tenants, sued out a landlord's attachment, and had same levied on the kaffir corn that Clark had bought from the Smith brothers. He had taken possession of this corn under his landlord's attachment and the case was tried and Dunn obtained a judgment for $100, the balance due him from the tenants for rent, and got an order to sell the attached property. Before he could sell, Clark commenced a replevin suit and took the corn

from the constable that was holding it under the landlord's attachment; and, on the trial of the case, Clark got judgment for the corn and costs. Dunn appealed from this judgment to the district court and on Dunn's motion the case was dismissed because the justice of the peace had no jurisdiction; and this appears to be, as near as we can figure it out, a suit on that replevin bond. It does not require the citation of authorities to show that Dunn could not recover on that replevin bond. He had no judgment in his favor upon which to base a suit on that bond. The rents due him had all been settled, as between him and his tenants; and his landlord's lien had been extinguished; the barley and oats were threshed, and the number of bushels of each ascertained and Dunn sold his share of the barley and the oats to his tenants and they took possession of them and sold them. There was an item of $20 for corn that he sold them from a previous crop and $15 for a drill. Neither of these two items could be classed as rent, and he would have no lien on the crops for these two items. So far as the kaffir corn is concerned, he and his tenants divided that by counting the rows, the tenants taking one-half of the number of rows and he the other one-half. The tenants then sold Clark, the defendant, their one-half of the kaffir corn and Clark agreed to hold the money until Dunn could have a settlement with his tenants on the open account between them, but Clark failed to carry out that promise and paid the money over to the tenants, but that did not restore the lien. When the tenants and Dunn divided the kaffir corn, Dunn took his half and he had no landlord's lien on the kaffir corn because that had been settled between him and his tenants. So under the facts in the case, he had no landlord's lien on any part of the crop. He had extinguished his landlord's lien by receiving the rent. It is true the tenants had not yet paid him for his part of the oats and barley, but he had permitted them to take possession of them and sell them, and they were only liable to him for money had and received, and so far as the kaffir corn was concerned, he had received his rent and permitted them to sell it to Clark. We cannot see any way, under the facts in this case, that plaintiff can recover in this action. His only action, if any, against the defendant Clark would be an action against him for the value of the kaffir corn or the money that he received for the kaffir corn, which Clark testified was $75. He simply had an action against Clark for money had and received but had no landlord's lien against anybody. We have before shown that he cannot recover on the replevin bond, because he had no judgment in his favor to base a suit on replevin bond. After a careful consideration of the case, we are of the opinion that the court should have sustained the defendant's demurrer to plaintiff's evidence at the close of plaintiff's case in chief, because giving his evidence the most favorable consideration it does not sustain a cause of action of the kind that plaintiff has brought. We are, therefore, of the opinion that the case should be reversed and the cause remanded, with directions to the trial court to set aside the judgment rendered and dismiss the action without prejudice to the plaintiff bringing the proper action, if he desires to do so. The judgment is, therefore, reversed.

By the Court: It is so ordered.